JS - 6    LINK: 41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1935 GAF (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Proceedings:**

## ORDER STAYING CASE

This case involves the same Parties—and many of the same issues—as an earlier-filed case, also brought before this Court.  See NYKO Technologies, Inc. v. Energizer Holdings, Inc., et al., Case No. CV 12-3001 (C.D. Cal.).  In both cases, Plaintiff accuses Defendants of violating a patent for a video game controller charging station.  In the earlier case, the charging station was described in United States Patent No. 8,143,848 (the '848 Patent), while the patent-at-issue in this case is United States Patent No. 8,378,630 (the '630 Patent).

The Court has already determined that the '848 Patent is invalid pursuant to 35 U.S.C. § 102(b).  Specifically, the Court found that the device claimed in the '848 Patent was in public use and on sale more than one year before the patent's filing date.  Summary judgment was therefore granted in Defendants' favor.  Plaintiff has appealed that ruling to the Federal Circuit.

Because the '630 Patent claims substantially the same subject matter, and indeed was filed as a continuation of the '848 Patent, the Court requested briefing and conducted a hearing as to whether the current case should be stayed pending the Circuit's review.  Defendants support a litigation stay, while Plaintiff insists that Section 102(b) applies differently to the '630 Patent.  (Docket No. 41 [Joint Statement ("J.S.")].)

It is apparent to the Court that each of the reasons for declaring the '848 Patent invalid under Section 102(b) likely applies to the '630 Patent as well.  The crucial problem is that both depend upon the priority date of a provisional patent application, United States Patent Application 60/982,364.  But that provisional application did not disclose the claims at issue in either the '848 Patent or the '630 Patent—indeed, it taught away from many of the claims in the disputed patents.  Specifically, the provisional application disclosed a charging station with adapters, to which video game controllers could connect.  The supposedly infringing devices, and the claims at issue in the contested patents, include no such adapters.

JS - 6     **LINK: 41**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1935 GAF (VBKx) | Date | April 1, 2014 |
|---|---|---|---|
| Title | NYKO Technologies, Inc. v. Energizer Holdings Inc., et al | | |

Plaintiff's arguments regarding this deficit simply rehash theories already presented to the Court in the prior case. For instance, Plaintiff claims that the provisional application "discloses multiple embodiments including a detachable adaptor as the preferred embodiment." (J.S. at 5.) This characterization of the provisional application somehow elides the Court's earlier finding that it does not only *include* an adaptor as the preferred embodiment, it affirmatively *requires* such an adaptor. The Court did not find Plaintiff's theories persuasive then, and it does not find them persuasive now. Moreover, in only a brief time, the Circuit will have the benefit of indicating whether *it* finds them persuasive.

Accordingly, this case is hereby **STAYED** pending resolution of the appeal in the prior case, Case No. CV 12-3001. Plaintiff shall notify the Court of the Federal Circuit's decision in that matter within 30 days of receipt of the decision.

**IT IS SO ORDERED.**